BASCHAB, Judge.
The appellant, Jimmy Shane Click, was convicted of capital murder, and the trial court sentenced him to imprisonment for life without the possibility of parole. We affirmed his conviction and sentence on direct appeal and issued a certificate of judgment on May 9, 1997. See Click v. State, 695 So.2d 209 (Ala.Cr.App.1996), cert. denied, 522 U.S. 1001, 118 S.Ct. 570, 139 L.Ed.2d 410 (1997). On October 30, 1998, the appellant filed a petition for post-conviction relief pursuant to Rule 32, Ala. R.Crim. P., which he subsequently amended. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
In his petition, the appellant raised several substantive and ineffective-assistance-of-counsel claims. In its order dismissing the petition, the circuit court addressed some, but not all, of the appellant’s substantive claims, but it did not address any of his ineffective-assistance-of-counsel claims. Because some of those ineffective-assistance-of-eounsel claims raise issues that could be meritorious, the circuit court erred in not addressing them. Therefore, we remand this case to the circuit court with directions that that court address the remainder of the appellant’s substantive claims and make specific, written findings of fact concerning all of the appellant’s ineffective-assistance-of-counsel claims. On remand, the circuit court may conduct such further proceedings or take such evidence as it deems necessary. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include the circuit court’s written order and a transcript of the remand proceedings, if any, conducted by the circuit court.
REMANDED WITH DIRECTIONS. 
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.