On Remand from the United States Supreme Court

WELCH, Judge.
Jimmy Shane Click appealed from the Madison Circuit Court’s dismissal of his Rule 32, Ala. R.Crim. P., petition that sought relief from his sentence based on the authority of Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The circuit court’s judgment dismissing Click’s Rule 32 petition was affirmed on appeal. Pursuant to the United States Supreme Court’s judgment in Click v. Alabama, — U.S.-, 136 S.Ct. 1363, 194 L.Ed.2d 346 (2016), we reverse the judgment of the circuit court and remand the case to the Madison Circuit Court for further consideration in light of Montgomery v. Louisiana, — U.S.-, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).
At the age of 17, Jimmy Shane Click committed a capital murder.[1] Following his June 18, 1994, conviction, Click was sentenced to the mandatory sentence of life in prison without the possibility of parole.[2] The judgment was affirmed on appeal. Click v. State, 695 So.2d 209 (Ala.Crim.App.1996). On April 20, 2001, this Court affirmed Click’s appeal from the circuit court’s dismissal of his first Rule 32, Ala. R.Crim. P., petition seeking postconviction relief from his conviction and sentence. Click v. State, 821 So.2d 218 (Ala.Crim.App.1999) (on return to remand). On November 16, 2001, the Alabama Supreme Court denied certiorari review without opinion.
On June 25, 2012, the United States Supreme Court released Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). In Miller, the United States Supreme Court held that “the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders” because, “the mandatory sentencing schemes ... violate [the] principle of proportionality, and so the Eighth Amendment’s ban on cruel and unusual punish *1192 ment.” Miller, 567 U.S. at 479, and 489, 132 S.Ct. at 2469 and 2475.
“Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—-no matter how brutal or dysfunctional. It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him. Indeed, it ignores that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys.”
Miller, 567 U.S. at 477-78, 132 S.Ct. at 2468.
Miller emphasized that imposing the harshest possible sentence on “all children convicted of homicide” would be uncommon,
“[g]iven all we[, the United States Supreme Court,] have said in Roper [v. Simmons, 543 U.S. 551 (2005),] and Graham [v. Florida, 560 U.S. 48 (2010) ], and this decision about children’s diminished culpability and heightened capacity for change.”
Miller, 567 U.S. at 479 and 489, 132 S.Ct. at 2469 and 2475. However, Miller “mandates only that a sentencer follow a certain process—considering an offender’s youth and attendant characteristics”—before “meting out” a sentence of life imprisonment without parole. Miller, 567 U.S. at 483, 132 S.Ct. at 2471. “[A] judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles.” Miller, 567 U.S. at 489, 132 S.Ct. at 2475.
On December 20, 2012, Click filed a Rule 32 petition “asserting that his mandatory life-without-parole sentence was unconstitutional in light of Miller,” On February 25, 2013, the circuit court entered an order summarily dismissing Click’s Rule 32 petition. Click appealed, contending that the rule announced in Miller was retroactive to cases on collateral review, that his claim was not procedurally barred, and that his Miller claim was jurisdictional.
On April 4, 2014, while Click’s Rule 32 petition was pending, this Court decided Williams v. State, 183 So.3d 198 (Ala.Crim.App.2014), aff'd Ex parte Williams, 183 So.3d 220, 221 (Ala.2015). Williams held that the rule announced in Miller does not apply to cases on collateral review. Williams v. State, 183 So.3d at 220 (“[T]he rule announced in Miller is subject to the general rule of nonretroactivity.”).
On June 6, 2014, this Court affirmed, by unpublished memorandum, the circuit court’s dismissal of Click’s postconviction petition based on the authority of Williams. Click v. State (No. 12-0941), 184 So.3d 464 (Ala.Crim.App.2014)(table). The United States Supreme Court granted certiorari review. Click v. Alabama, — U.S.-, 136 S.Ct. 1363, 194 L.Ed.2d 346 (2016). While Click was pending, the United States Supreme Court released its decision in Montgomery v. Louisiana, — U.S. at-, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).
Montgomery was 17 years old when he committed a capital murder. Under the applicable Louisiana law, Montgomery received the mandatory sentence of life imprisonment without parole. “The sentence *1193 was automatic upon the jury’s verdict, so Montgomery had no opportunity to present mitigation evidence to justify a less severe sentence.” Montgomery, — U.S. at -, 136 S.Ct. at 726. Montgomery collaterally attacked his sentence under a Louisiana statute providing that “ ‘[a]n illegal sentence may be corrected at any time by the court that imposed the sentence.’ ” Montgomery, — U.S. at-, 136 S.Ct. at 726 (quoting La.Code Crim. Proc. Ann. art. 882). Louisiana’s “collateral review procedures are open to claims that a decision of this Court has rendered certain sentences illegal, as a substantive matter, under the Eighth Amendment.” Montgomery, — U.S. at-, 136 S.Ct. at 732.
Ultimately, the United States Supreme Court held in Montgomery that the decision in Miller prohibiting a mandatory sentence of life imprisonment without the possibility of parole for juvenile offenders “announced a substantive rule of constitutional law” and was retroactive on collateral review. Montgomery, — U.S. at-, 136 S.Ct. at 736-37. In discussing retroactivity, the Montgomery Court recognized that a substantive constitutional rule that prohibits “ ‘a certain category of punishment for a class of defendants because of their status or offense’ ” is subject to retroactive application in a state court. Montgomery, — U.S. at-, 136 S.Ct. at 729 (quoting Penry v. Lynaugh, 492 U.S. 302, 330, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), abrogated by Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002)). The Court noted that Miller had determined that “juvenile offenders whose crimes reflect the transient immaturity of youth” are a class of defendants. Montgomery, — U.S. at -, 136 S.Ct. at 734.
“Because Miller determined that sentencing a child to life without parole is excessive for all but ‘ “the rare juvenile offender whose crime reflects irreparable corruption,”’ 567 U.S. at 479-80, (quoting Roper [v. Simmons], [543 U.S. 551], at 573 [ (2005) ]), it rendered life without parole an unconstitutional penalty for ‘a class of defendants because of their status’—that is, juvenile offenders whose crimes reflect the transient immaturity of youth. Penry [v. Lynaugh], 492 U.S. [302], at 330. As a result, Miller announced a substantive rule of constitutional law. Like other substantive rules, Miller is retroactive because it ‘ “necessarily carries] a significant risk that a defendant” ’—here, the vast majority of juvenile offenders—‘ “faces a punishment that the law cannot impose upon him.” ’ Schriro [v. Summerlin], 542 U.S. [348] at 352 [ (2004) ] (quoting Bousley v. United States, 523 U.S. 614, 620 (1998)).”
Montgomery, — U.S. at-, 136 S.Ct. at 734. Montgomery continued to explain that “the sentence of life without parole is disproportionate for the vast majority of juvenile offenders” and, thus, that a juvenile offender “must be given the opportunity to show their crime did not reflect irreparable corruption; and, if it did not, their hope for some years of life outside prison walls must be restored.” Montgomery, — U.S. at-, 136 S.Ct. at 736-37.
“A hearing where ‘youth and its attendant characteristics’ are considered as sentencing factors is necessary to separate those juveniles who may be sentenced to life without parole from those who may not. The hearing does not replace but rather gives effect to Miller’s substantive holding that life without parole is an excessive sentence for children whose crimes reflect transient immaturity.”
*1194 Montgomery, — U.S. at-, 136 S.Ct. at 735.
Thus, the new rule of substantive constitutional law announced in Miller does not allow imposing upon a juvenile convicted of capital murder a sentence of life imprisonment without the possibility of parole unless the sentencing court has considered the juvenile’s “ ‘diminished culpability and heightened capacity for change’ before condemning him or her to die in prison.” Montgomery, — U.S. at-, 136 S.Ct. at 726 (quoting Miller, 567 U.S. at 479, 132 S.Ct. at 2469). The sentencing court must conclude that a sentence of life imprisonment without parole is not disproportionate under the Eighth Amendment.
At the time Click was sentenced, life imprisonment without the possibility of parole was the only possible sentence for a juvenile convicted of capital murder. See § 13A-5-39(a), Ala.Code 1975; Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005)(holding that Eighth Amendment bars capital punishment for juveniles). Thus, pursuant to its holding in Montgomery, the United States Supreme Court issued an opinion vacating this Court’s judgment in Click and remanding the cause to this Court for “further consideration in light of Montgomery v. Louisiana.” Click v. Alabama, — U.S. -, 136 S.Ct. 1363, 194 L.Ed.2d 346 (2016).
“Where state collateral review proceedings permit prisoners to challenge the lawfulness of their confinement, States cannot refuse to give retroactive effect to a substantive constitutional right that determines the outcome of that challenge.” Montgomery, — U.S. at-, 136 S.Ct. at 731-32. Alabama provides the criminally convicted a procedure to challenge his or her sentence in the postconviction scheme set forth in Rule 32, Ala. R.Crim. P. A defendant who has been convicted may seek postconviction relief from a sentence if: “The constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief,” Rule 32.1(a); “[t]he sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law,” Rule 32.1(c); “[t]he court was without jurisdiction to render judgment or to impose sentence,” Rule 32.1(b). Thus, Alabama’s “collateral review procedures are open to claims that a decision of [the United States Supreme Court] has rendered certain sentences illegal, as a substantive matter, under the Eighth Amendment.” Montgomery, — U.S. at -, 136 S.Ct. at 732.
The decisions in Miller and Montgomery prohibiting the imposition of a sentence of life imprisonment without the possibility of parole on a juvenile convicted of capital murder without consideration of the child’s “‘diminished culpability and heightened capacity for change’ before condemning him or her to die in prison” Montgomery, — U.S. at-, 136 S.Ct. at 726, constitute a significant change in Alabama law that is retroactively applicable. See State v. Valencia, 239 Ariz. 255, 370 P.3d 124, 128 (Ct.App.2016)(“The Supreme Court’s determination in Montgomery that a natural-life sentence imposed on a juvenile defendant is unconstitutional unless the juvenile’s offenses reflect permanent incorrigibility constitutes a significant change in Arizona law that is retroactively applicable.”).
Moreover, it appears that Click’s petition conformed with the requirements of Rule 32: It was timely filed within one year from the release of Miller and was already pending when Montgomery announced that Miller was to be applied retroactively; there is no dispute that Click was 17 years old at the time of the *1195 murder; Click was sentenced to a mandatory prison term of life imprisonment without parole as Alabama’s sentencing scheme provided at the time; and Alabama’s post-conviction scheme allows for challenges to sentences on constitutional grounds and illegal sentence grounds.
Accordingly, pursuant to Montgomery v. Louisiana, this Court finds the Madison circuit court’s summary dismissal of Click’s Rule 32 petition to be reversible error and remands the case for the Rule 32 court to determine if Click is entitled to relief in light of the new substantive law announced in Miller and Montgomery[3] and, if so, to provide Click the appropriate postconviction relief.[4]
REVERSED AND REMANDED.
*1196 WINDOM, P.J., and BURKE and JOINER, JJ., concur.
KELLUM, J., concurs in the result.

. At the time Click was sentenced, "capital offense” was defined as: “An offense for which a defendant shall be punished by a sentence of death or life imprisonment without parole according to the provisions of this article.” § 13A-5-39(1), Ala,Code 1975. That statute was amended on May 11, 2016, to read: "An offense for which a defendant shall be punished by a sentence of death or life imprisonment without parole, or in the case of a defendant who establishes that he err she was under the age of 18 years at the time of the capital offense, life imprisonment, or life imprisonment without parole, according to the provisions of this article.”

. At the time Click was sentenced for capital murder, the sentencing statute stated: “Murder is a Class A felony; provided, that the punishment for murder or any offense committed under aggravating circumstances, as provided by Article 2 of Chapter 5 of this title, is death or life imprisonment without parole, which punishment shall be determined and fixed as provided by Article 2 Chapter 5 of this title or any amendments thereto.” § 13A-6-2(c), Ala.Code 1975. That statute was amended on May 11, 2016. See note 4, infra, for that and other statutory revisions.

. Should Click be granted relief and subsequently obtain review of his sentence, the sentencing court is reminded that Miller does not prohibit imposing a sentence of life imprisonment without parole. Miller requires that before imposing a sentence of life imprisonment without parole on a juvenile convicted of capital murder, the trial court must "conduct an individualized examination of mitigating circumstances in considering the fairness of imposing such a sentence.” Washington v. State, 103 So.3d 917, 920 (Fla.Dist.Ct.App.2012). In Ex parte Henderson, 144 So.3d 1262 (Ala.2013), the Alabama Supreme Court stated that to achieve individualized sentencing, and thus be in accord with Miller, a sentencing hearing for a juvenile convicted of a capital offense must include consideration of the following:
"(1) the juvenile’s chronological age at the time of the offense and the hallmark features of youth, such as immaturity, impetuosity, and failure to appreciate risks and consequences; (2) the juvenile’s diminished culpability; (3) the circumstances of the offense; (4) the extent of the juvenile's participation in the crime; (5) the juvenile’s family, home, and neighborhood environment; (6) the juvenile’s emotional maturity and development; (7) whether familial and/or peer pressure affected the juvenile; (8) the juvenile’s past exposure to violence; (9) the juvenile’s drug and alcohol history; (10) the juvenile's ability to deal with the police; (11) the juvenile’s capacity to assist his or her attorney; (12) the juvenile’s mental-health history; (13) the juvenile's potential for rehabilitation; and (14) any other relevant factor related to the juvenile’s youth. See generally Commonwealth v. Knox[, 50 A.3d 732 (Pa.Super.Ct.2012) ]. We recognize that some of the factors may not apply to a particular juvenile’s case and that some of the factors may overlap. Nevertheless, we believe that providing the trial court with guidance on individualized sentencing for juveniles charged with capital murder comports with the guidelines of Miller."
Ex parte Henderson, 144 So.3d at 1284.

. In addition to the statutes set forth in notes 1 and 2, supra, the following statutes have been recently amended to read as reflected below.
Section 13A—5—2(f), Ala.Code 1975: "Every person convicted of murder shall be sentenced by the court to imprisonment for a term, or to death, life imprisonment without parole, or life imprisonment in the case of a defendant who establishes that he or she was under the age of 18 years at the time of the offense, as authorized by subsection (c) of Section 13A-6-2.”
Section 13A-5-43(d) and (e), Ala.Code 1975:
"(d) If the defendant is found guilty of a capital offense or offenses with which he is charged and the defendant does not establish to the court by a preponderance of the evidence that he or she was under the age of 18 years at the time of the capital offense or offenses with which he or she is found guilty, the sentence shall be determined as provided in Sections 13A-5-45 through 13A-5-53.
"(e) If the defendant is found guilty of a capital offense or offenses with which he or she is charged and the defendant establishes to the court by a preponderance of the evidence that he or she was under the age of 18 years at the time of the capital offense or offenses, the sentence shall be either life without the possibility of parole or, in the alternative, life, and the sentence shall be determined by the procedures set forth in the Alabama Rules of Criminal Procedure for judicially imposing sentences within the range set by statute without a jury, rather than as provided in Sections 13A-5-45 to 13A-5-53, inclusive. The *1196 judge shall consider all relevant mitigating circumstances.
"If the defendant is sentenced to life on a capital offense, the defendant must serve a minimum of 30 years, day for day, prior to first consideration of parole.”
Section 13A-6-2(c), Ala.Code 1975:
"(c) Murder is a Class A felony; provided, that the punishment for murder or any offense committed under aggravated circumstances by a person 18 years of age or older, as provided by Article 2 of Chapter 5 of this title, is death or life imprisonment without parole, which punishment shall be determined and fixed as provided by Article 2 of Chapter 5 of this title or any amendments thereto. The punishment for murder or any offense committed under aggravated circumstances by a person under the age of 18 years, as provided by Article 2 of Chapter 5, is either life imprisonment without parole, or life, which punishment shall be determined and fixed as provided by Article 2 of Chapter 5 of this title or any amendments thereto and the applicable Alabama Rules of Criminal Procedure.
"If the defendant is sentenced to life on a capital offense, the defendant must serve a minimum of 30 years, day for day, prior to first consideration of parole.
"Section 2. Notwithstanding any other provision of law, if a defendant is found guilty of any non-homicide crime for which the only sentence provided by law is life imprisonment without the possibility of parole and that defendant proves by a preponderance of the evidence that he or she was under the age of 18 years at the time of the offense, the sentence shall be life imprisonment.
"Section 3. This act shall apply to any person under the age of 18 years at the time an offense was committed who was sentenced to life without the possibility of parole under Section 13A-5-2, 13A-5-39, 13A-5-43, or 13A-6-2, Code of Alabama 1975, whether the person is currently incarcerated or hereinafter convicted.”